JOURNAL ENTRY and OPINION
{¶ 1} Appellant, Mark Glenn ("Glenn"), appeals his conviction of felonious assault, asserting as his sole assignment of error that his conviction was against the manifest weight of the evidence. For the following reasons, however, we affirm Glenn's conviction.
 {¶ 2} On April 1, 2003, Agnes Spisak ("Spisak") was riding her bicycle on her way home from work when she heard Glenn in his car yelling, "Get the fuck out of the way." Spisak ignored the comment and continued to the intersection of East Ninth Street and Carnegie Avenue, where she stopped at the red light. Directly behind her was Glenn, who honked his horn and screamed and swore at her to get out of the way. Spisak "flipped off" the driver and stated that she had the right to be riding her bicycle in the street. Once the light turned green, Glenn continued to swear, to which Spisak told him to keep it up and she will start pretending that there is something wrong with her bicycle, thwarting his efforts to move.
 {¶ 3} Glenn then ran over the back wheel of Spisak's bicycle, causing the rear tire to bend in a 90-degree angle. Spisak got off her bicycle and told Glenn not to go anywhere because he just ruined her bicycle. Glenn put his car into reverse, pulled away from the curb, and hit Spisak in the legs with his car. Glenn hit Spisak a second time in the legs with his car and Spisak put her hands onto the grill of Glenn's car to try to get him to stop. Then Glenn hit Spisak a third time with his car, the impact of which made her fall on top of the hood of Glenn's car. Spisak was still on the hood of Glenn's car when he made a right-hand turn onto Ontario Street. Although Spisak was able to backpedal off the hood of the car before being thrown from it, she sustained severely bruised and battered knees.
 {¶ 4} Glenn was pulled over by two RTA patrol officers who were at the same intersection and saw Glenn hit Spisak three times with his car. When they approached Glenn's car, there was a strong odor of alcohol and Glenn was not cooperative with their questioning. The RTA patrol officers placed Glenn in temporary custody until the Cleveland police could arrive at the scene. Once the police arrived, Glenn refused to perform a field sobriety test and he was taken to the Cleveland State University police department to test Glenn's blood alcohol content. Glenn also refused this test. Prior to being arrested for felonious assault and driving under the influence, Glenn told the police officers that he wished he had the chance to run Spisak over again, "because next time I would have killed her."
 {¶ 5} Although Glenn does not dispute that he hit Spisak with his car, he testified that he accidentally hit her rear bicycle tire and was in the process of pulling his car around the corner to get out of the way of traffic to address the situation when Spisak would not let him move his car. Glenn testified that he did not intend to hit her three times with his car; instead, it was one continuous motion. He also testified that he did not make any comments to the police about wishing he had the chance to run Spisak over again. The jury, however, found Glenn guilty of felonious assault and he was later sentenced by the trial court to two years in prison. Glenn now appeals.
 {¶ 6} The court, when faced with a challenge as to the manifest weight of the evidence, must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v.Group, 98 Ohio St.3d 248, 2002-Ohio-7247, ¶ 77, 781 N.E.2d 980, citing State v. Martin (1983), 20 Ohio App.3d 172,485 N.E.2d 717.
 {¶ 7} Here, Glenn admitted to hitting Spisak, albeit his admission was that the first time was by accident and the second, third, and fourth times were just one continuous motion. Despite Glenn's argument that he did not intend to hit Spisak, the surrounding circumstances suggest otherwise, as he was angry that Spisak did not move out of his way so that he could make a right-hand turn and there was testimony that Glenn wished he had the chance to run Spisak over again.
 {¶ 8} Through the use of his car, Glenn hit Spisak three times, causing her injury. See R.C. 2903.11(A)(2). Because it cannot be said that the jury clearly lost its way so as to create a miscarriage of justice, the manifest weight of the evidence supports Glenn's conviction for felonious assault.
 {¶ 9} Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., J., and Rocco, J., concur.