JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Gregory Franklin ("appellant"), appeals his convictions for felonious assault and assault on a peace officer. For the reasons set forth below, we affirm.
 {¶ 2} On February 11, 2005, the Cuyahoga County Grand Jury indicted appellant on four counts: count one and two alleged felonious assault, in violation of R.C. 2903.11, each with a peace officer specification, and count three and four alleged assault on a peace officer, in violation R.C. 2903.13. Appellant pled not guilty to the indictment.
 {¶ 3} Initially, appellant and the state reached a plea agreement. Appellant agreed to plead guilty to two amended counts of attempted felonious assault with peace officer specifications. In exchange, the state agreed to nolle the remaining third and fourth counts in the indictment. The trial court accepted appellant's plea on June 22, 2005 and scheduled sentencing for July 28, 2005.
 {¶ 4} Prior to sentencing, appellant filed a motion to withdraw his guilty plea. After a hearing, the trial court granted appellant's motion to withdraw on August 30, 2005.
 {¶ 5} On January 5, 2006, the trial court found that appellant knowingly, intelligently and voluntarily waived his right to a jury trial. Accordingly, the case proceeded to a bench trial on January 27, 2006.
 {¶ 6} The state presented the following individuals for examination: Sergeant *Page 4 
Mark Medwid, Officer Michael Konn, Officer Michael Malobabic, Officer Clarence Senn. Their testimony established the following facts.
 {¶ 7} On December 26, 2004, Sergeant Mark Medwid of the Cleveland Police Department exited his vehicle with his overhead lights illuminated and attempted to assist a vehicle stranded in a snowbank. While assisting the motorist, he observed a white, four-door Chevy Lumina with a red stripe down the side driven by appellant, traverse down the hill, strike his patrol car, and leave the scene. Officer Medwid radioed dispatch and informed them of the incident, the description of the vehicle, and the direction of travel.
 {¶ 8} Officer Michael Konn and his partner, Officer Pete Malobabic, heard Sergeant Medwid's description and proceeded to search the area for the Chevy Lumina. The officers spotted the vehicle parked in a nearby apartment parking lot. Several individuals surrounded the vehicle. As the officers approached in their police vehicle, the people fled. Believing the vehicle was empty, Officer Konn exited the police car and walked towards the Chevy Lumina.
 {¶ 9} Officer Konn observed the back-up lights of the vehicle suddenly illuminate. He drew his weapon, ordered the vehicle to stop, and stepped to the left, out of the path of the vehicle. The vehicle reversed past Officer Konn, who pointed his gun at appellant while standing at the driver's side window. Officer Konn testified that he made direct eye contact with appellant while loudly yelling to stop. As Officer Konn testified, he was worried for the safety of Officer Malobabic because he was in *Page 5 
the direct line of the vehicle. Officer Malobabic noticed appellant was reversing in his direction and stepped out of the path of the vehicle. Appellant continued to back up the vehicle and only stopped after striking the police vehicle.
 {¶ 10} Following the collision, additional officers assisted in the retrieval of appellant from the Chevy Lumina. The officers had to break the vehicle's window to expel appellant. When they did remove appellant from the vehicle, he struggled and resisted. Finally, the officers were able to subdue appellant and arrest him.
 {¶ 11} After the preceding testimony, the state rested its case. Thereafter, appellant moved for acquittal pursuant to Crim.R. 29. The trial court denied his motion.
 {¶ 12} Appellant then presented the testimony of Carolyn McDonald. She testified that she was not present when appellant backed his vehicle into the police vehicle. Rather, she witnessed the officers remove appellant from the Chevy Lumina and strike him repeatedly.
 {¶ 13} Following McDonald's testimony, appellant rested his case and made another Crim.R. 29 motion for acquittal. The trial court denied this motion as well.
 {¶ 14} On February 8, 2006, the trial court found appellant guilty of felonious assault against Officer Malobabic, as charged in count one, as well as the peace officer specification. Additionally, the court found him guilty of assault on Officer Malobabic as charged in count three. The court found appellant not guilty of felonious assault and assault as charged in counts two and four of the indictment. *Page 6 
The trial court continued the matter for sentencing.
 {¶ 15} After failing to appear for his first sentencing hearing, the court issued a capias. Appellant appeared on March 13, 2007 and the trial court sentenced him to three years imprisonment on count one and twelve months on count three, with the sentences to run concurrent to each other and to the sentence imposed in Case No. 492562.
 {¶ 16} Appellant now appeals his convictions and submits one assignment of error for our review. His sole assignment of error states:
 {¶ 17} "Defendant's conviction was supported by insufficient evidence, and against the manifest weight of the evidence."
 {¶ 18} A challenge to the sufficiency of the evidence supporting a conviction requires a court to determine whether the state has met its burden of production at trial. State v. Thompkins, 78 Ohio St.3d 380,390, 1997-Ohio-52, 678 N.E.2d 541. In reviewing for sufficiency, courts are to assess not whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction. Id. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. The motion "should be granted only where reasonable minds could not fail to find reasonable doubt." State v. Apanovitch (1987), 33 Ohio St.3d 19, 23, *Page 7 514 N.E.2d 394.
 {¶ 19} When reviewing a challenge to the sufficiency of the evidence, an appellate court must view the evidence in a light most favorable to the prosecution and determine if any rational trier of fact could have found the essential elements of the crime, proven beyond a reasonable doubt. Jenks, supra, citing Jackson v. Virginia (1979), 443 U.S. 307,99 S.Ct. 2781, 61 L.Ed.2d 560. Thus, a reviewing court will not overturn a conviction for insufficiency of "the evidence unless we find that reasonable minds could not reach the conclusion reached by the trier of fact." State v. Treesh, 90 Ohio St.3d 460, 484, 2001-Ohio-4,739 N.E.2d 749.
 {¶ 20} Appellant was charged and convicted of felonious assault. R.C.2903.11 provides:
 {¶ 21} "(A) No person shall knowingly do either of the following:
 {¶ 22} "* * *
 {¶ 23} "(2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance."
 {¶ 24} Appellant was also convicted of assault on a peace officer in violation of R.C. 2903.13. This statute provides:
 {¶ 25} "(A) No person shall knowingly cause or attempt to cause physical harm to another or to another's unborn. * * *"
 {¶ 26} "(C)(3) If the victim of the offense is a peace officer * * *, while in the performance of their official duties, assault is a felony of the fourth degree." *Page 8 
 {¶ 27} The term "knowingly" is defined in R.C. 2910.22(B) and states:
 {¶ 28} "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."
 {¶ 29} Initially, we note that there is no dispute that a vehicle is a deadly weapon for purposes of R.C. 2903.11(A)(2). See State v.Glenn, Cuyahoga App. No. 84087, 2004-Ohio-6570, State v. Iverson (Aug. 27, 1992), Cuyahoga App. No. 61265. Rather, appellant argues that the evidence fails to establish that he knowingly attempted to cause harm to Officer Malobabic. More specifically, appellant maintains he attempted to flee the scene, not strike Officer Malobabic with the Chevy Lumina. We disagree.
 {¶ 30} Viewing the evidence in a light most favorable to the state, we find sufficient evidence supporting appellant's convictions. First, the evidence established that appellant backed up the Chevy Lumina directly in the path where Officer Malobabic was standing. In response, Officer Malobabic stepped to the side to retreat to safety. Appellant only stopped the Chevy Lumina when it struck the police vehicle.
 {¶ 31} Next, the testimony established that Officer Konn pointed his weapon at appellant and ordered him repeatedly to stop. As Officer Konn testified, he made direct eye contact with appellant when yelling at him and was afraid for the safety of *Page 9 
Officer Malobabic.
 {¶ 32} Moreover, Officer Senn testified to witnessing the aforementioned incident and noted that the lights of Officer Konn's and Malobabic's police vehicle, which was parked behind the Chevy Lumina, were illuminated. He further testified that he was able to see appellant through the Chevy Lumina's back windshield. Finally, Officer Senn testified that appellant was in a daze at the time of the incident and looked like he was on drugs. Given Officer Konn's pleas to halt the vehicle, appellant's ability to see Officer Malobabic through the back windshield, and his dazed state of mind, we find the state presented sufficient evidence that appellant knew he was attempting to cause harm to Officer Malobabic with a deadly weapon and could conclude that appellant was guilty of the offense of felonious assault, with a peace officer specification, as well as assault on a peace officer.
 {¶ 33} Appellant next argues that his convictions were against the manifest weight of the evidence. We disagree.
 {¶ 34} In State v. Thompkins, 78 Ohio St.3d 380, 388, 1997-Ohio-52,678 N.E.2d 541, the court illuminated its test for manifest weight of the evidence as follows:
 {¶ 35} "Weight of the evidence concerns `the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict if, on weighing the evidence in their minds, they shall find *Page 10 
the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.' Black's [Law Dictionary (6 Ed. 1990)], at 1594."
 {¶ 36} When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a "thirteenth juror" and disagrees with the factfinder's resolution of the conflicting testimony. Id., citingTibbs v. Florida (1982), 457 U.S. 31, 45, 102 S.Ct. 2211,72 L.Ed.2d 652. The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether, in resolving conflicts in the evidence, the court clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v.Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717.
 {¶ 37} The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. Id.
 {¶ 38} Within this assignment of error, appellant argues that his conviction was against the manifest weight of the evidence because the weight of the evidence establishes that he was attempting to flee the scene, not hit the officer with his vehicle. Officer Konn, Malobabic and Senn all testified that appellant reversed the Chevy Lumina in the direct path of Officer Malobabic despite Officer Konn, while pointing his weapon at appellant, repeatedly and loudly directing appellant to stop *Page 11 
the vehicle. Officer Senn's testimony also established that the Chevy Lumina's back windshield was clear and that the police vehicle's lights illuminated the area so that appellant could have seen Officer Malobabic behind him. Other than weather reports establishing it snowed on that day, appellant offered no evidence contradicting the aforementioned testimony. Accordingly, after reviewing the entire record, weighing the evidence and all reasonable inferences and considering the credibility of the witnesses, we cannot disagree with the trial court's resolution finding appellant knowingly attempted to cause harm to Officer Malobabic with a deadly weapon.
 {¶ 39} Having determined that appellant's convictions are supported by sufficient evidence and not against the manifest weight of the evidence, we overrule appellant's sole assignment of error.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 12 
 MELODY J. STEWART, P.J., and MARY J. BOYLE, J., CONCUR. *Page 1